UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE M. FRIDAY and DANA FRIDAY,

    Plaintiffs,

v.

AMERICAN STRATEGIC INSURANCE CORP.,

    Defendant.

_____/

Case No. 25-10309
Hon. Denise Page Hood

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST-AMENDED COMPLAINT FOR DECLARATORY RELIEF TO COMPEL APPRAISAL AND THE APPOINTMENT OF AN UMPIRE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) [ECF NO. 10]

### I.    INTRODUCTION

Before the Court is Defendant American Strategic Insurance Corp's Motion to Dismiss First-Amended Complaint for Declaratory Relief to Compel Appraisal and the Appointment of an Umpire Pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 10]. The motion is fully briefed, and a hearing was held Wednesday, June 11, 2025. For the reasons stated herein, ASIC's motion is GRANTED.

### II.    BACKGROUND

This is an insurance coverage dispute. Plaintiffs Joanne and Dana Friday sustained damage to their home when two pipes broke due to the overall failure of

the home's in-floor radiant heating system. ECF No. 7, PageID.199. The in-floor radiant heating system is one connected system, which heated the home's main floor and the basement. *Id*. ASIC issued a homeowner's insurance policy insuring Plaintiffs' home for $984,000 among other coverages. *Id*. at PageID.198. Plaintiffs filed a claim under their ASIC insurance policy to cover the losses they sustained. *Id*. at PageID.199. ASIC issued a payment in the amount of $2,765.00 for the home's dwelling damages relating to the cost of tearing out and replacing part of the home's powder room to access and repair the in-floor radiant heating system. *Id*.

ASIC denied coverage for the cost of replacing the in-floor radiant heating system itself, which Plaintiffs do not dispute. *Id*. at PageID.200. The ASIC policy states:

> We cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance on the "residence premises", including the cost to tear out and replace any part of a building, or other structure, on the "residence premises", but only when necessary to repair the system or appliance.

Plaintiffs repaired the initial damage caused by the broken pipes, but the in-floor radiant heating system did not work. [ECF No. 7, PageID.200]. In order to restore the heat to the main floor and basement of the home, and to repair the in-floor radiant heating system, Plaintiffs need to tear out and replace parts of the home

2

necessary to repair the system. *Id*. Plaintiffs submitted a proof of the amount of their losses, including a detailed estimate of $436,040.43 for the home's damages, which itemized the costs of tearing out and replacing all parts of the home located on the main level and basement. *Id*. at PageID.201. ASIC disagreed with the amount and scope of loss and determined that it was only required to pay the $2,765.00 as originally quoted. *Id*. at PageID.203-4.

Plaintiffs contend that the ASIC insurance policy and Michigan law allow Plaintiffs to demand an appraisal to determine the amount of loss. *Id*. at PageID.4. Plaintiffs do not dispute that the policy does not afford coverage to replace the in-floor radiant heating system itself but are disputing the amount and scope of their insured losses pertaining to the cost of tearing out and replacing any part of the home necessary to access and repair the heating unit. *Id*. ASIC responded to Plaintiffs' demand stating that it does not agree with the appraisal demand under the provisions of the policy. *Id*. at PageID.205. Plaintiffs contend that M.C.L. 500.2833(1)(m) mandates that disputes regarding the amount of loss be submitted to conclusive appraisal upon the demand of either party to an insurance policy. *Id*. Plaintiffs seek declaratory relief declaring appraisal is the appropriate remedy to resolve disagreements over the scope of damage. Plaintiffs further claim that ASIC has breached the insurance policy by refusing to participate in the appraisal process under the policy and Michigan law.

ASIC now moves the Court to dismiss Plaintiffs' claims. [ECF No. 10]. ASIC contends that Plaintiffs seek to "rewrite the insurance contract" to "pay for work which is not related to the repair of the two leaking powder room pipes…but to prevent losses which have not yet occurred." [ECF No. 10, PageID.363].

### III. LAW AND ANALYSIS

A motion brought pursuant to FRCP 12(b)(6) "challenges the legal theory of the complaint, not the sufficiency of any evidence which may be discovered." *In re Gainey Corp.*, 481 B.R. 264 (B.A.P. 6th Cir. 2012). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Nor will complaints be including naked assertions without factual enhancements. *Id*.

In order to survive a motion to dismiss, plaintiffs must plead enough factual allegations to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. For purposes of a motion to dismiss, Courts "must take all of the factual

4

allegations in the complaint as true." *Iqbal*, 556 U.S. at 678. However, Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

The parties do not dispute that Plaintiffs sustained damage to their powder room due to a water leak caused by two broken pipes in the in-floor radiant heating system. It is further undisputed that there was an active home insurance policy provided by ASIC to cover loss to property resulting from an accidental discharge or overflow of water within a heating system or household appliance on the residence premises, including the cost to tear out and replace any part of the building necessary to repair the system or appliance. [ECF No. 1, PageID.4; ECF No. 10, PageID.367]. The parties further agree that ASIC is not responsible for replacing the in-floor radiant heating system. [ECF No. 10, PageID.365]. The question before the Court is whether Plaintiff has stated enough factual information to raise a right to relief under the parties' insurance policy provision which applies where the parties fail to agree on the amount of loss.

Plaintiffs allege that ASIC acknowledged liability related to the home's dwelling damages relating to the cost of tearing out and replacing part of the home's powder room access and repair the in-floor radiant heating system. [ECF No. 7, PageID.199]. Plaintiff further alleges that the repair to the broken pipes which caused the leak and damage to the powder room was not enough to fix the in-floor radiant system. *Id*. at PageID.200. Therefore, Plaintiffs submitted a

5

document to ASIC showing what Plaintiffs believed would be necessary to replace the in-floor radiant heating system, which involved tearing out and replacing part of the home, including an estimate of $436,040.43. *Id*. at PageID.201. Plaintiff does not allege that any further damage was caused to the areas they claimed needed to be torn out and replace.

Despite Plaintiff's contention that ASIC has conceded coverage for the additional repairs, this contention is not supported. ASIC's August 19, 2024, letter states: "The other items [outside of the damage to the powder room previously accounted for] for which consideration is requested are not owed for or covered under the policy." [ECF No. 7-5, PageID.340]. Plaintiffs rely on M.C.L. 500.2833(m) to support its claim that it is entitled to an appraisal. However, Plaintiff also argues that "[a]ppraisal is designed to be a 'substitute for judicial determination' of a property damage dispute…" [ECF No. 7, PageID.207 quoting *Auto-Owners Ins. Co. v. Kwaiser*, 190 Mich. App. 482, 486, 476 N.W.2d 467, 469 (1991)]. But Plaintiff does not allege that the home sustained further damage as a result of the in-floor radiant heating system leak. Instead, Plaintiffs argue that the in-floor radiant heating system itself failed to operate and requires repair, for which Plaintiffs concede ASIC is not liable. *Id*. at PageID.200. Therefore, Plaintiffs have not stated a claim upon which relief can be granted where they cannot show that the home sustained further damage.

6

Plaintiffs rely on *Kwaiser* for the proposition that appraisal is the appropriate remedy in this case. However, *Kwaiser* concerned damage to the roof of a home and not an inoperable system or appliance. Therefore, *Kwaiser* is distinguishable from the present matter.

For the same reasons, the Court finds that Plaintiffs have failed to state a claim for breach of contract since they have not plead facts sufficient to show they were entitled to an appraisal. Defendant's motion to dismiss is GRANTED as to Plaintiffs' breach of contract claim.

IV.  **CONCLUSION/ORDER**

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion to Dismiss First-Amended Complaint for Declaratory Relief to Compel Appraisal and the Appointment of an Umpire Pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 10] is GRANTED;

IT IS FURTHER ORDERED that this Order disposes all pending claims before the Court and disposes the case.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 7, 2025